IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY GRAY,

        Plaintiff,               No. 2:11-cv-02103 EFB P

        vs.

JAMES TILTON, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis and a motion for appointment of counsel.

**I.    Request to Proceed In Forma Pauperis**

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

1    **II.      Motion for Appointment of Counsel**

2            District courts lack authority to require counsel to represent indigent prisoners in

3    section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In

4    exceptional circumstances, the court may request an attorney to voluntarily to represent such a

5    plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991);

6    *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether

7    "exceptional circumstances" exist, the court must consider the likelihood of success on the

8    merits as well as the ability of the plaintiff to articulate his claims pro se in light of the

9    complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

10   The court finds there are no exceptional circumstances in this case.

11   **III.     Screening Requirement and Standards**

12           Federal courts must engage in a preliminary screening of cases in which prisoners seek

13   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

14   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

15   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

16   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

17   relief."  *Id.* § 1915A(b).

18           In order to avoid dismissal for failure to state a claim a complaint must contain more than

19   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

20   of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

21   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22   statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

23           Furthermore, a claim upon which the court can grant relief has facial plausibility.

24   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

25   content that allows the court to draw the reasonable inference that the defendant is liable for the

26   misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

2

1    claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
2    *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to
3    the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

4    A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal
5    Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain
6    statement of the claim showing that the pleader is entitled to relief, in order to give the defendant
7    fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,
8    550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9    **IV.    Summary of Allegations in Complaint**

10    Plaintiff alleges claims against 40 defendants for events taking place over a course of
11    many years.  Plaintiff's allegations generally fall into four categories: (1) that various defendants
12    violated his rights by participating in his validation as a member of the Black Guerrilla Family
13    ("BGF") prison gang in 2006 and consequently placing him in segregated housing; (2) that
14    various defendants violated his rights by refusing to allow him to present evidence rebutting that
15    validation at annual reviews; (3) that various defendants have violated his rights by designating
16    certain material as gang-related as a pretext for racial discrimination; and (4) that various
17    defendants violated his rights by obstructing his inmate appeals regarding his validation.

18    **V.    Screening Order**

19    The court has reviewed plaintiff's complaint (Dckt. No. 1), and, for the limited purposes
20    of § 1915A screening, finds that it states cognizable claims against defendants J. Tilton, R.
21    Wong, E. Fisher, R. Roman, M. Ruff, M. Cates, D.L. Reed, Maldonado, Hill, C. Ford, D. Lanier,
22    B. Cogdell, F. Gardner, Cash, M. Junious, C. Wofford or Wopfford, K. Cruz, T. Morton, Downs,
23    and D. Ortiz.  However, the complaint does not state a cognizable claim against the other named
24    defendants – D. Adams, F. Gardner, R. Cruz, Foote, Cronjager, J. Jones, L. Cano, Hicinbontom,
25    N. Grannis, Hubbard, Wells, L. Jackson, Davis Shaw, Emigh, Fallon, A. Aref, J. Curiel, Sara
26    Malone, R. Parilla, and S. Fish – and those defendants will therefore be dismissed with leave to

1    amend for the reasons that follow.

2       <u>Defendant Adams.</u>  Plaintiff alleges that he sent defendant Adams, warden at California

3    State Prison, Corcoran, an opposition to his gang validation and staff complaints about two other

4    defendants (who plaintiff alleges erroneously screened out his inmate appeals).  Plaintiff alleges

5    that these acts deprived him of due process.

6       Plaintiff fails to state a claim that defendant Adams himself violated plaintiff's due

7    process rights.  In the context of gang validation, due process is provided where authorities rely

8    on "some evidence" to support the validation.  *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir.

9    2003).  Where authorities wish to transfer a validated inmate to administrative segregation or a

10   secured housing unit ("SHU"), they must provide some notice of the charges and an opportunity

11   for the inmate to present his views to the official charged with the segregation decision.  *Id.*

12   (quoting *Toussaint v. McCarthy*, 801 F.2d 1080, 1099 (9th Cir. 1986)).  Plaintiff does not allege

13   that defendant Adams was the official who validated him as a gang member or who was charged

14   with the decision to place him in SHU.  Instead, it appears from plaintiff's complaint that those

15   decisions were made by defendants Downs, Wong, Fisher, Roman, and Ruff.  Accordingly,

16   plaintiff has not stated a claim that defendant Adams directly violated plaintiff's rights.

17       Further, a supervisor like defendant Adams may only be held liable for the constitutional

18   violations of his subordinates if he or she participated in or directed the violations, or knew of

19   the violations and failed to act to prevent them.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

20   1989).  Plaintiff does not allege that defendant Adams participated in or directed his validation or

21   placement in SHU.  Plaintiff alleges that he sent the opposition to defendant Adams over two

22   years after the validation and transfer.  Accordingly, defendant Adams could not act to prevent

23   those alleged constitutional violations.

24       Lastly, defendant Adams's alleged failure to act on the complaints plaintiff sent him or

25   her regarding defendants Cano and Jones does not arise to a constitutional violation.  Plaintiff

26   alleges that defendants Cano and Jones erroneously screened out and otherwise obstructed his

1  administrative appeals.

2       Plaintiff has a First Amendment right to file grievances and to be free from retaliation for

3  doing so. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009).  To state a viable First

4  Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state

5  actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

6  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

7  (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*,

8  408 F.3d 559, 567-68 (9th Cir. 2005).  Plaintiff fails to allege that defendants Jones and Cano

9  took an adverse action against him that chilled the exercise of his rights.  Plaintiff simply alleges

10  that those defendants retaliated "by alleging that plaintiff is abusing the appeal process when

11  plaintiff is not."  Plaintiff does not state facts showing that he suffered adversely as a result of

12  that action or that it chilled him in the exercise of his First Amendment rights.  While plaintiff

13  has a right to file grievances, he does not have a constitutional right to have those grievances

14  processed and thus lacks a free-standing claim for improper appeals processing. *Ramirez v.*

15  *Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see, e.g., Ott v. Lopez*, No. CV 11-04291 PSG (RZ),

16  2012 U.S. Dist. LEXIS 85617, at *4 (C.D. Cal. May 8, 2012); *Montanez v. Gonzalez*, No. 1:10-

17  cv-01931-BAM PC, 2012 U.S. Dist. LEXIS 3535, at *14-15 (E.D. Cal. Jan. 11, 2012); *Martin v.*

18  *Roche*, No. ED CV 08-0827 SJO (JTL), 2009 U.S. Dist. LEXIS 111, at *41-42 (C.D. Cal. Jan 5,

19  2009) (stating that "a prisoner cannot assert a due process claim based on the manner in which

20  his grievances are processed, nor hold the officials who processed his grievances liable for the

21  violations that were the subject matter of his administrative appeals" and summarizing

22  supporting cases).[1]

23

24       [1]Although plaintiff lacks a cause of action against any defendant for mis-processing his
administrative appeals, to the extent any defendant's actions prevented plaintiff from exhausting
25  his administrative remedies, those actions may be a basis for excusing plaintiff from completing
the exhaustion requirement. *Ott v. Vela*, No. CV 11-03963 PSG (RZ), 2012 U.S. Dist. LEXIS
26  108331, at *3 (C.D. Cal. June 19, 2012).

1    Accordingly, plaintiff has not stated a claim against defendants Cano and Jones for

2  obstructing his appeals and may not impose liability on defendant Adams for failing to act to

3  prevent those defendants' alleged misconduct.

4    Defendant Gardner.  Plaintiff alleges that defendant Gardner placed a memo in plaintiff's

5  file alleging that plaintiff's name and prison number were found on a list in inmate Douglas's

6  possession.  That memo was used as evidence in support of plaintiff's gang validation, but

7  plaintiff claims that the list was not evidence of gang activity because Douglas had plaintiff's

8  information because plaintiff was assisting Douglas with a legal case.  Plaintiff alleges that, in

9  placing the memo in his file, defendant Gardner deprived him of due process and violated a

10  California regulation.

11    Plaintiff's claim is essentially that inmate Douglas's list was not "some evidence" of

12  gang activity and thus should not have been used to validate him.  However, plaintiff does not

13  allege that defendant Gardner was involved in the decision to validate him, knew that the list was

14  not evidence of gang activity, or had some responsibility to determine whether the list was

15  evidence of gang activity.  Rather, it appears from plaintiff's complaint that the decision to

16  validate him as a gang member was made by defendants Fisher, Roman, and Ruff.  Accordingly,

17  plaintiff has failed to state a due process claim against defendant Gardner.

18    Absent any constitutional violation, plaintiff's claim for violation of regulations

19  contained in Title 15 of the California Code of Regulations also fails, because there is no

20  independent cause of action for violation of those regulations.  "To the extent that the violation

21  of a state law amounts to the deprivation of a state-created interest that reaches beyond that

22  guaranteed by the federal Constitution, [s]ection 1983 offers no redress."  *Sweaney v. Ada*

23  *County*, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting *Lovell v. Poway Unified Sch. Dist.*, 90

24  F.3d 367, 370 (9th Cir. 1996).

25  ////

26  ////

1    <u>Defendant R. Cruz.</u>  Plaintiff alleges that defendant R. Cruz was aware of a report that

2    showed that plaintiff's validation was based on unreliable evidence but failed to follow

3    California Code of Regulations, title 15, § 3378(g)(7), which violated plaintiff's due process

4    rights.

5    There is no subsection (g)(7) in § 3378.  Section 3378*(c)*(7) requires the committee that

6    conducts annual reviews of SHU placement to review memos supporting validation and further

7    requires that questionable gang identifications or new information be referred to an investigator.

8    The court cannot determine whether plaintiff has stated a viable due process claim based on

9    § 3378(c)(7) unless plaintiff amends his complaint to make clear that he intends to rely on that

10   section.

11   <u>Defendant Foote.</u>  Plaintiff's allegations against defendant Foote are identical to his

12   allegations against defendant R. Cruz and fail for the same reason.

13   <u>Defendant Cronjager.</u>  Plaintiff alleges that defendant Cronjager interfered with the

14   processing of his administrative appeals and told plaintiff that any further appeals regarding his

15   validation would not be processed.  As discussed above, while plaintiff has a right to file

16   grievances, he does not have a constitutional right to have those grievances processed and thus

17   lacks a free-standing claim for improper appeals processing.

18   <u>Defendant Jones.</u>  The court has discussed why plaintiff's claim against defendant Jones

19   fails in the above section regarding defendant Adams.

20   <u>Defendant Cano.</u>  The court has discussed why plaintiff's claim against defendant Cano

21   fails in the above section regarding defendant Adams.

22   <u>Defendant Hicinbonton.</u>  Plaintiff alleges that defendant Hicinbontom erroneously

23   screened out and otherwise obstructed his inmate appeals.  As discussed above, while plaintiff

24   has a right to file grievances, he does not have a constitutional right to have those grievances

25   processed and thus lacks a free-standing claim for improper appeals processing.

26   ////

1        <u>Defendant Grannis.</u>  Plaintiff alleges that defendant Grannis has placed him on appeals

2    restriction twice "as retaliation" and has otherwise obstructed his inmate appeals.  Plaintiff has

3    not alleged that he has suffered any adverse action as the result of defendant Grannis's alleged

4    conduct, aside from not having his appeals processed.  Plaintiff lacks a constitutional right to

5    have those appeals processed, and plaintiff may seek to have any exhaustion requirement

6    excused on the basis of his allegations.  Moreover, plaintiff has not alleged that he has been

7    chilled in the exercise of his First Amendment rights due to defendant Grannis's conduct.

8    Accordingly, plaintiff has failed to state a viable retaliation claim against defendant Grannis.

9    Further, as discussed above, while plaintiff has a right to file grievances, he does not have a

10   constitutional right to have those grievances processed and thus lacks a free-standing claim for

11   improper appeals processing.

12       <u>Defendant Hubbard.</u>  Plaintiff alleges that defendant Hubbard, director of the California

13   Department of Corrections and Rehabilitation, is "allowing prison officials to practice an

14   unwritten policy which is that African American prisoners are being validated on the type of

15   books and literature they have in their possession."  Plaintiff appears to be seeking to impose

16   liability on defendant Hubbard as supervisor of other officials who enforce an allegedly

17   unconstitutional policy.  A supervisor like defendant Hubbard may only be held liable for the

18   constitutional violations of his subordinates if he or she participated in or directed the violations,

19   or knew of the violations and failed to act to prevent them.  *Taylor v. List*, 880 F.2d 1040, 1045

20   (9th Cir. 1989).  Plaintiff does not allege that defendant Hubbard knew of the policy or directed

21   subordinates to use certain literature to discriminatorily validate African American inmates.

22       A supervisor may also be held liable under § 1983 if he or she implemented a policy so

23   deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a

24   constitutional violation.  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991)

25   (en banc).  Plaintiff has not alleged that defendant Hubbard implemented the policy in question.

26   ////

1    Accordingly, plaintiff has failed to allege facts showing defendant Hubbard's personal

2    involvement in the alleged violation of his rights by the confiscation of his personal literature

3    and its use in his validation.

4         Plaintiff further alleges that he sent defendant Hubbard an opposition to his validation

5    and a complaint that he was being prevented from using the inmate appeals process but that

6    defendant Hubbard did not respond.  As plaintiff lacks a right to have his grievances processed,

7    he has not stated a cognizable claim against defendant Hubbard for not intervening to ensure

8    their processing.  Plaintiff does not allege that defendant Hubbard participated in or directed his

9    validation or placement in SHU.  Plaintiff alleges that he sent the opposition to defendant

10   Hubbard over two years after the validation and transfer.  Accordingly, defendant Adams could

11   not act to prevent those alleged constitutional violations.

12        Defendant Wells.  Plaintiff alleges that defendant Wells rejected all the complaints

13   plaintiff filed with internal affairs because plaintiff did not first filed an inmate appeal, even

14   though plaintiff informed defendant Wells that he had been shut out of the appeals system.

15   Plaintiff's claim fails because he lacks a due process right to a grievance procedure – including

16   complaints to internal affairs or other prison administrative bodies.  *See Mann v. Adams*, 855

17   F.2d 639, 640 (9th Cir. 1988).

18        Defendant Jackson.  Plaintiff alleges that defendant Jackson has not acted on the

19   complaints plaintiff has submitted to the prison ombudsman's office regarding his validation and

20   the alleged obstruction of his inmate appeals.  This claim similarly fails because plaintiff has no

21   due process right to a grievance procedure through the ombudsman's office.

22        Defendant Shaw.  Plaintiff alleges that defendant Shaw has not acted on the complaints

23   plaintiff has submitted to the "inspector general" regarding his validation and the alleged

24   obstruction of his inmate appeals.  This claim similarly fails because plaintiff has no due process

25   right to a grievance procedure through the inspector general.

26   ////

Defendant Emigh. Plaintiff alleges that defendant Emigh, Assistant Chief of Appeals, was "a part of" defendant Grannis's alleged misconduct regarding plaintiff's administrative appeals, was "aware that Defendant Jones was practicing an arbitrary and capricious practice" in screening out plaintiff's appeal, "failed to investigate defendants at L.A.C.," and ignored evidence refuting his validation.

To the extent that plaintiff alleges that defendant Emigh violated his rights by not processing his appeals or ensuring that other officials process those appeals, that claim fails because plaintiff lacks a due process right to have his grievances processed in any particular fashion. It is unclear from plaintiff's allegations what position defendant Emigh and what, if any, defendant Emigh's obligations were with regard to plaintiff's validation. Plaintiff's allegations against defendant Emigh are simply too vague for the court to review them under § 1915A.

Defendant Fallon. Plaintiff alleges that in 2008 he sent defendant Fallon, Chief Deputy Warden California State Prison, Los Angeles County, a complaint "that defendants at L.A.C. were violating plaintiff's due process rights" but did not act. Plaintiff appears to be attempting again to impose liability on a supervisory official for the conduct of subordinates. Plaintiff does not allege that defendant Fallon was him- or herself a decisionmaker in plaintiff's validation or placement in segregated housing. Nor do plaintiff's allegations indicate that defendant Fallon could have intervened to stop those decisions from being made, as the decisions had been made over a year before plaintiff sent any complaint to defendant Fallon. Plaintiff does not have a constitutional right to have his grievances heard by any state official to whom he sends them.

Defendant Aref. Plaintiff alleges that defendant Aref erroneously screened out his administrative appeals. As discussed earlier, there is no free-standing constitutional cause of action for a defendant's alleged obstruction of or failure to process a grievance. As plaintiff does not allege that defendant Aref's actions were motivated by retaliation nor allege facts supporting a retaliation claim against defendant Aref, plaintiff has not stated a claim against defendant Aref.

1    <u>Defendant Curiel.</u>  Plaintiff's allegations against defendant Curiel are identical to his

2    allegations against defendant Aref and fail for the same reason.

3    <u>Defendant Malone.</u>  Plaintiff alleges that defendant Malone has not acted on the

4    complaints plaintiff has submitted to the prison ombudsman's office regarding his validation and

5    the alleged obstruction of his inmate appeals.  This claim fails because plaintiff has no due

6    process right to a grievance procedure through the ombudsman's office.

7    <u>Defendant Parilla.</u>  Plaintiff lists defendant Parilla as a defendant but his complaint

8    contains no facts regarding defendant Parilla.

9    <u>Defendant Fish.</u>  Plaintiff alleges that defendant Fish ignored his complaint that he was

10   being obstructed from the appeals process.  As discussed earlier, there is no free-standing

11   constitutional cause of action for a defendant's alleged obstruction of or failure to process a

12   grievance.  As plaintiff does not allege that defendant Fish's actions were motivated by

13   retaliation nor allege facts supporting a retaliation claim against defendant Fish, plaintiff has not

14   stated a claim against defendant Fish.

15   Thus, plaintiff may proceed against defendants J. Tilton, R. Wong, E. Fisher, R. Roman,

16   M. Ruff, M. Cates, D.L. Reed, Maldonado, Hill, C. Ford, D. Lanier, B. Cogdell, F. Gardner,

17   Cash, M. Junious, C. Wofford or Wopfford, K. Cruz, T. Morton, Downs,  and D. Ortiz, or he

18   may amend his complaint to attempt to cure the deficiencies identified above.  Plaintiff is not

19   obligated to amend his complaint.

20   Any amended complaint must be written or typed so that it so that it is complete in itself

21   without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

22   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

23   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

24   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

25   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

26   1967)).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an

1  amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
2  complaints).

3         If plaintiff chooses to proceed only on his claims against defendants J. Tilton, R. Wong,
4  E. Fisher, R. Roman, M. Ruff, M. Cates, D.L. Reed, Maldonado, Hill, C. Ford, D. Lanier, B.
5  Cogdell, F. Gardner, Cash, M. Junious, C. Wofford or Wopfford, K. Cruz, T. Morton, Downs,
6  and D. Ortiz, as identified herein, the court will construe plaintiff's election as his voluntary
7  dismissal of defendants D. Adams, F. Gardner, R. Cruz, Foote, Cronjager, J. Jones, L. Cano,
8  Hicinbontom, N. Grannis, Hubbard, Wells, L. Jackson, Davis Shaw, Emigh, Fallon, A. Aref, J.
9  Curiel, Sara Malone, R. Parilla, and S. Fish , without prejudice.

10  **VI.   ORDER**

11         Accordingly, the court hereby orders that:

12         1.  Plaintiff's request to proceed in forma pauperis is granted.

13         2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
14  accordance with the notice to the Director of the California Department of Corrections and
15  Rehabilitation filed concurrently herewith.

16         3.  Plaintiff's motion for appointment of counsel (Docket No. 5) is denied.

17         4.   Claims against defendants D. Adams, F. Gardner, R. Cruz, Foote, Cronjager, J. Jones,
18  L. Cano, Hicinbontom, N. Grannis, Hubbard, Wells, L. Jackson, Davis Shaw, Emigh, Fallon, A.
19  Aref, J. Curiel, Sara Malone, R. Parilla, and S. Fish are dismissed.  Within 30 days of service of
20  this order, plaintiff may amend his complaint in accordance with this Screening Order.

21         5.  The allegations in the pleading are sufficient at least to state cognizable claims against
22  defendants J. Tilton, R. Wong, E. Fisher, R. Roman, M. Ruff, M. Cates, D.L. Reed, Maldonado,
23  Hill, C. Ford, D. Lanier, B. Cogdell, F. Gardner, Cash, M. Junious, C. Wofford or Wopfford, K.
24  Cruz, T. Morton, Downs,  and D. Ortiz.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the
25  Court shall provide to plaintiff a blank summons, a copy of the August 8, 2011 complaint, 20
26  USM-285 forms and instructions for service of process on defendants J. Tilton, R. Wong, E.

Fisher, R. Roman, M. Ruff, M. Cates, D.L. Reed, Maldonado, Hill, C. Ford, D. Lanier, B. Cogdell, F. Gardner, Cash, M. Junious, C. Wofford or Wopfford, K. Cruz, T. Morton, Downs, and D. Ortiz.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and 21 copies of the complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Defendants J. Tilton, R. Wong, E. Fisher, R. Roman, M. Ruff, M. Cates, D.L. Reed, Maldonado, Hill, C. Ford, D. Lanier, B. Cogdell, F. Gardner, Cash, M. Junious, C. Wofford or Wopfford, K. Cruz, T. Morton, Downs, and D. Ortiz will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.  In this event, the court will construe plaintiff's election to proceed forthwith as his voluntary dismissal of defendants D. Adams, F. Gardner, R. Cruz, Foote, Cronjager, J. Jones, L. Cano, Hicinbontom, N. Grannis, Hubbard, Wells, L. Jackson, Davis Shaw, Emigh, Fallon, A. Aref, J. Curiel, Sara Malone, R. Parilla, and S. Fish , without prejudice.

    6.  Failure to comply with this order may result in dismissal of this action.

Dated:  October 12, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY GRAY,

               Plaintiff,                No. 2:11-cv-02103 EFB P

     vs.

JAMES TILTON, et al.,

               Defendants.         <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

       In accordance with the court's Screening Order, plaintiff hereby elects to:

       (1)  _____  dismiss defendants D. Adams, F. Gardner, R. Cruz, Foote, Cronjager, J. Jones, L. Cano, Hicinbontom, N. Grannis, Hubbard, Wells, L. Jackson, Davis Shaw, Emigh, Fallon, A. Aref, J. Curiel, Sara Malone, R. Parilla, and S. Fish without prejudice, and submits the following documents:

           <u>1</u>        completed summons form

           <u>20</u>       completed forms USM-285

           <u>21</u>       copies of the DATE complaint

       **<u>OR</u>**

       (2)  _____  delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

Dated:

                                         _____
                                           Plaintiff