UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GRAY, | No. 2:11-cv-2103-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JAMES TILTON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Defendants[1] move to revoke plaintiff's in forma pauperis ("IFP") status pursuant to 28 U.S.C. § 1915(g) and to dismiss this action.[2] ECF No. 20. For the following reasons, the motion must be granted.

---

[1] Some defendants have not yet been served. Those that were served did not respond to the court's order directing them to complete and return the form indicating either their consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge. Even though some defendants have not been served and thus, did not join in the instant motion, dismissal of the entire action is appropriate under section 1915(g).

[2] After plaintiff opposed the motion and defendants filed a reply, plaintiff requested an extension of time to file a surreply. The court denied that request, and informed plaintiff that neither the Federal Rules of Civil Procedure nor the court's Local Rules provide for such a response. ECF No. 41. Nevertheless, plaintiff filed a surreply, which defendants move to strike. Defendants' motion to strike plaintiff's unauthorized filing is granted.

1

Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Pursuant to section 1915(g) a prisoner with three "strikes," meaning prior cases or appeals, brought while the plaintiff was a prisoner that were dismissed as frivolous, malicious, or for failure to state a claim, cannot proceed in forma pauperis. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

Defendants bear the initial burden of producing documentary evidence that allows the court to conclude that the plaintiff has suffered three strikes. *Andrews*, 398 F.3d at 1120 (because docket records will not always reflect the basis for the dismissal, defendants "must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was 'frivolous, malicious or failed to state a claim.'"). If defendants meet this burden, the burden then shifts to the prisoner plaintiff, who must either explain why a prior dismissal should not count as a strike or show that he satisfies the "imminent danger of serious physical injury" exception to § 1915(g). *See id.*

Here, defendants have met their burden. The evidence submitted with their motion allows the court to conclude that the following three orders of dismissal qualify as strikes under section 1915(g): (1) *Gray v. Gomez*, F-96-5106 (Apr. 9, 1996, E.D. Cal.) (ECF No. 6) (order dismissing IFP action as duplicative and frivolous); (2) *Gray v. Doyle*, CV 02-2667 (Apr. 9, 2002, C.D. Cal.) (action dismissed after IFP status denied on grounds that suit was frivolous); and (3) *Gray v. Palmer*, CV 04-cv-8354 (Nov. 4, 2004, C.D. Cal.) (ECF No. 5) (order dismissing IFP action for failure to state a claim). *See* ECF No. 20, Exs. A-C. Defendants' motion also includes an order from the Ninth Circuit Court of Appeals confirming that plaintiff has "had three or more prior actions or appeals dismissed as frivolous or for failure to state a claim . . . ." *See id.*, Ex. F.

/////

2

In opposition, plaintiff contends that *Doyle* and *Palmer*, listed above, were dismissed for lack of jurisdiction. *See Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 893 (9th Cir. 2011) (dismissal for lack of subject-matter jurisdiction does not qualify as a strike for purposes of § 1915(g)). However, the record does not support that contention. Plaintiff otherwise fails to show that the three prior dismissals should not count as strikes.

Plaintiff also contends that he satisfies the "imminent danger of serious physical injury" exception to § 1915(g). The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Here, plaintiff refers to the allegation in his complaint that he would suffer "irreparable harm" because he had experienced "significant hardship." *See* ECF No. 1 at 7, ¶ 4. He claimed that his sentence had been "extend[ed] . . . from life with the possibility, to life without," thereby denying him "any possibility of obtaining a parole date, and being able to seek other judicial relief, because [he had] not exhausted his state remedies." *Id.* These allegations do not plausibly demonstrate that plaintiff was in imminent danger of "serious physical injury" at the time he filed his complaint. Nor does plaintiff so allege in his opposition or in the remainder of his complaint. Thus, the imminent danger exception does not apply.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike (ECF No. 43) is granted;
2. The Clerk of the Court shall serve a copy of this order on the United States Marshal, who shall abandon further efforts to effect service on any unserved defendants; and
3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

/////

/////

Further, IT IS HEREBY RECOMMENDED that defendants' motion to revoke plaintiff's in forma pauperis status and to dismiss this action (ECF No. 20) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE