1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICKY GRAY,                              No.  2:14-cv-0473 KJM EFB P

12            Plaintiff,

13        v.

14   B. COGDELL, et al.,

15            Defendants.

16

17   RICKY GRAY,                              No.  2:11-cv-2103 KJM EFB P

18            Plaintiff,

19        v.                                  ORDER TO SHOW CAUSE

20   JAMES TILTON, et al.,

21            Defendants.

22

23        Plaintiff is a state prisoner, proceeding pro se, with a civil rights action under 42 U.S.C.

24   § 1983.  In Case No. 2:14-cv-0473, plaintiff raises, *inter alia*, myriad claims alleging improper

25   gang validation and retaliation against 27 different defendants.  However, review of court records

26   reflects that plaintiff filed very similar allegations against 37 defendants in *Gray v. Tilton, et al.*,

27   Case No. 2:11-cv-2103 KJM EFB (E.D. Cal.).  In the 2011 case, plaintiff's complaint was

28
                                              1

1   screened, and the court ordered service of process on 20 defendants, 16 of whom are also named

2   in plaintiff's second amended complaint filed in the 2014 case.  Thereafter, defendants in the

3   2011 case filed a motion to revoke plaintiff's in forma pauperis status and to dismiss the

4   complaint, and on January 7, 2014, defendants' motion to revoke plaintiff's in forma pauperis

5   status and dismiss the action was granted.  Case No. 2:11-cv-2103 KJM EFB (ECF No. 50).  In

6   response to the recommendation that the action be dismissed, plaintiff stated that he did not know

7   he would be required to pay the filing fee up front, but requested that the case be dismissed

8   without prejudice to allow plaintiff to re-file inasmuch as his family had agreed to pay the filing

9   fee.  (ECF No. 48 at 1-2.)

10      Thirty-seven days later, on February 13, 2014, plaintiff filed the 2014 action.  Plaintiff

11   paid the filing fee in full on April 11, 2014, in the 2014 case.

12      Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from

13   judgment in limited circumstances "including fraud, mistake, and newly discovered evidence."

14   *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Motions for relief from judgment are addressed to

15   the sound discretion of the district court.  *Allmerica Financial Life Insurance and Annuity*

16   *Company v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997).  Reconsideration of a judgment under

17   Rule 60 is appropriate only where there has been an intervening change of controlling law, new

18   evidence has come to light, or where there is need to correct a clear error or to prevent manifest

19   injustice.  *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

20   District courts may vacate a judgment, *sua sponte*, pursuant to Rule 60(b), so long as the party

21   that obtained the judgment is first given notice and an opportunity to be heard.  *Kingvision Pay-*

22   *Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347 (9th Cir. 1999).

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

2

For the following reasons, it appears that the judgment of dismissal in the 2011 case should be vacated.  The provisions of 28 U.S.C. § 1915(g) do not specifically provide for the dismissal of an action or complaint.  Rather, § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*.  In defendants' motion to revoke in forma pauperis status in the 2011 case, defendants argued that once plaintiff's in forma pauperis status was revoked, the complaint must be dismissed without prejudice, citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The inmate cannot simply pay the filing fee after being denied IFP status' because he must pay the filing fee at the time he initiates the suit.").  It appears the Eleventh Circuit has now reconsidered the position articulated in *Dupree*, at least in one recent case.  *Hines v. Thomas*, 2015 WL 858050, *5 (11th Cir. 2015) ("the dismissal without prejudice in this action appears to have been tantamount to a dismissal with prejudice due to the running of the statute of limitations. . . . The record does not show that the district court understood that the dismissal would preclude Hines from refiling due to the statute of limitations, nor did the court explain why a lesser sanction would be inadequate.").

Moreover, this court is not bound by the decision in *Dupree*, but is bound by decisions of the Ninth Circuit Court of Appeals.  The Ninth Circuit has found that issues surrounding the denial of an application to proceed in forma pauperis become moot upon a litigant's paying of the filing fee.  *See Funtanilla v. Tristan*, 2007 WL 1663670, at *1 (9th Cir. Mar. 12, 2007) (reversing a district court's dismissal under 28 U.S.C. § 1915(g) where plaintiff paid the filing fee in full prior to dismissal; "once fee was paid, the issue of his IFP status became moot.").  *See also Muhammad v. Sisto*, 2011 WL 2493775 (E.D. Cal. June 22, 2011) (recommending that prisoner be allowed to proceed if he pays the filing fee); *Rider v. Parente*,  2011 WL 2745986 (E.D. Cal. July 14, 2011) (same); *Stringham v. Bick*, No. 2:09-cv-0286 MCE DAD P (E.D. Cal. Feb. 11, 2010) (vacating recommendations to dismiss civil rights action pursuant to § 1915(g) because

1  plaintiff paid the filing fee); *Hernandez v. Ventura County*, 2010 WL 3603491, at *6 (C.D. Cal.

2  July 27, 2010) (recommending that defendants' motion to revoke plaintiff's in forma pauperis

3  status be granted, plaintiff's in forma pauperis status be revoked, and the action be dismissed

4  unless plaintiff pays the statutory filing fee); *Johnson v. Tilton*, 2010 WL 3782446, at *4 (C.D.

5  Cal. July 22, 2010) (same).

6          In light of this authority, and to prevent injustice, defendants in the 2011 case are directed

7  to show cause why the judgment of dismissal in that case should not be vacated.

8          Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of this

9  order, defendants in Case No. 2:11-cv-2103 KJM EFB, are directed to show cause why the

10  judgment in that case should not be vacated, and plaintiff be directed to proceed in the 2011 case

11  rather than the 2014 case.

12  DATED:  September 29, 2015.

15                                    UNITED STATES DISTRICT JUDGE