UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GRAY,<br><br>        Plaintiff,<br><br>  v.<br><br>JAMES TILTON, et al.,<br><br>        Defendants. | No. 2:11-cv-2103-KJM-EFB P<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND FINDINGS AND RECOMMENDATIONS TO DISMISS THIRD AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |

      This action was previously dismissed after the court revoked plaintiff's in forma pauperis status on the ground that he was a "three-striker" within the meaning of 28 U.S.C. § 1915(g).[1] ECF No. 50. Plaintiff subsequently paid the filing fee in a new action raising similar claims. *See Gray v. Cogdell*, No. 2:14-cv-0473-KJM-EFB (E.D. Cal.). On May 12, 2015, the two actions were related, and on November 3, 2015, the district judge vacated the judgment in this action, directed the Clerk of the Court to file the pleadings from the second action in this action, and closed the second action. ECF Nos. 52, 55. Currently pending are plaintiff's May 28, 2015 motion to file a third amended complaint and the screening of plaintiff's complaint in accordance with 28 U.S.C. § 1915A.

---

[1] Plaintiff is a state prisoner proceeding without counsel.

1

**I.      Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

2

**II.      Screening Order**

Plaintiff's motion to amend is granted, and the court now proceeds with screening of the third amended complaint (ECF No. 20 in case number 2:14-cv-00473-KJM-EFB) pursuant to 28 U.S.C. § 1915A. Plaintiff alleges claims against 33 defendants[2] based on events that occurred as early as 1989, and that took place at numerous prisons throughout the State of California. *See* ECF No. 57-1 (referring to 18 "counts"). The allegations generally fall into three categories: (1) that various defendants falsified evidence or participated in validating plaintiff as a member of the Black Guerrilla Family prison gang, causing him to be placed in segregated housing; (2) that various defendants refused to allow him to present evidence rebutting that validation at annual reviews; and (3) that various defendants violated his rights by obstructing his inmate appeals regarding his validation. For the reasons discussed below, the court finds that the complaint should be dismissed without further leave to amend.[3]

In count 1, plaintiff alleges that former CDCR Secretary, defendant Tilton, was instructed by defendant Wong to stop processing plaintiff's inmate appeals regarding plaintiff's gang validation. *See* ECF No. 57-1 ("Count 1"); *see also* ECF No. 1 at 67 (January 24, 2007 letter from Wong to plaintiff, stating that he would continue to screen out plaintiff's appeals regarding his gang validation because the issue had already been submitted at the Director's Level of Review). Defendant Cate then took over Tilton's role as CDCR Secretary and continued the practice of screening out plaintiff's appeals concerning his validation. Defendant Emigh, who worked for the inmate appeals branch in Sacramento, allegedly aided the defendants in "obstructing plaintiff from seeking redress." ECF No. 57-1, ¶ 5.

/////

---

[2] The caption of the complaint does not include as defendants "Adams," "Grannis" or "Lanier." However, plaintiff refers to these individuals as "defendants" in the body of the complaint. For purposes of screening, the court includes them among the other named defendants in this action. The court also notes that the complaint includes "D. Ortiz" as a defendant twice.

[3] On September 8, 2014, the court received plaintiff's "Motion Requesting to Deposit Confidential [and] Sensitive Documents . . . for a Future in Camera Review Under Seal." In light of the instant recommendation of dismissal, there will be no in camera review of documents and the Clerk will be directed to return the motion to plaintiff.

In count 12, plaintiff claims that defendants Jones, Cano, and Cribbs also erroneously screened out his inmate appeals because of orders that came from Sacramento. *Id.* ("Count 12"). And "[a]s a retaliatory action" defendant Jones placed plaintiff on appeals restriction, which defendant Grannis allegedly approved. *Id.* ¶ 76.

The court previously informed plaintiff that such allegations were not sufficient to state a cognizable claim for relief:

> Plaintiff alleges that defendants . . . erroneously screened out and otherwise obstructed his administrative appeals.
>
> Plaintiff has a First Amendment right to file grievances and to be free from retaliation for doing so. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). . . . While plaintiff has a right to file grievances, he does not have a constitutional right to have those grievances processed and thus lacks a free-standing claim for improper appeals processing. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see, e.g., Ott v. Lopez*, No. CV 11-04291 PSG (RZ), 2012 U.S. Dist. LEXIS 85617, at *4 (C.D. Cal. May 8, 2012); *Montanez v. Gonzalez*, No. 1:10- cv-01931-BAM PC, 2012 U.S. Dist. LEXIS 3535, at *14-15 (E.D. Cal. Jan. 11, 2012); *Martin v. Roche*, No. ED CV 08-0827 SJO (JTL), 2009 U.S. Dist. LEXIS 111, at *41-42 (C.D. Cal. Jan 5, 2009) (stating that "a prisoner cannot assert a due process claim based on the manner in which his grievances are processed, nor hold the officials who processed his grievances liable for the violations that were the subject matter of his administrative appeals" and summarizing supporting cases). [FN 1]
>
> [FN 1] Although plaintiff lacks a cause of action against any defendant for mis-processing his administrative appeals, to the extent any defendant's actions prevented plaintiff from exhausting his administrative remedies, those actions may be a basis for excusing plaintiff from completing the exhaustion requirement. *Ott v. Vela*, No. CV 11-03963 PSG (RZ), 2012 U.S. Dist. LEXIS 108331, at *3 (C.D. Cal. June 19, 2012

ECF No. 9 at 4-5. As for defendant Emigh, plaintiff was specifically informed as follows:

> To the extent that plaintiff alleges that defendant Emigh violated his rights by not processing his appeals or ensuring that other officials process those appeals, that claim fails because plaintiff lacks a due process right to have his grievances processed in any particular fashion. It is unclear from plaintiff's allegations what

4

> position defendant Emigh and what, if any, defendant Emigh's obligations were with regard to plaintiff's validation. Plaintiff's allegations against defendant Emigh are simply too vague for the court to review them under § 1915A.

*Id.* at 10. The court also informed plaintiff of the following with respect to his intended claim for relief against defendant Grannis:

> Plaintiff alleges that defendant Grannis has placed him on appeals restriction twice "as retaliation" and has otherwise obstructed his inmate appeals. Plaintiff has not alleged that he has suffered any adverse action as the result of defendant Grannis's alleged conduct, aside from not having his appeals processed. Plaintiff lacks a constitutional right to have those appeals processed, and plaintiff may seek to have any exhaustion requirement excused on the basis of his allegations. Moreover, plaintiff has not alleged that he has been chilled in the exercise of his First Amendment rights due to defendant Grannis's conduct. Accordingly, plaintiff has failed to state a viable retaliation claim against defendant Grannis. Further, as discussed above, while plaintiff has a right to file grievances, he does not have a constitutional right to have those grievances processed and thus lacks a free-standing claim for improper appeals processing.

*Id.* at 8; *see also Gray*, No. 2:14-cv-0473-KJN P (E.D. Cal.), ECF No. 11 at 3 n.2 (dismissing plaintiff's first amended complaint with leave to amend and setting forth the standards governing First Amendment claims of retaliation); *Gray v. Woodford*, No. 05-cv-1425-J, 2007 U.S. Dist. LEXIS 103792, at *38 (S.D. Cal. Aug. 16, 2007) (explaining that "there is no due process right to a smoothly functioning appeal system").[4] Notwithstanding those prior explanations, plaintiff again fails to state a proper claim for relief based upon the defendants' alleged efforts to have plaintiff's administrative appeals screened out. Despite notice of these deficiencies and several opportunities to amend, plaintiff remains unable to state a cognizable claim for relief. Therefore, these claims should be dismissed without further leave to amend.

Count 2 alleges that in 2008, plaintiff informed defendants Adams, Cate, and Fischer that there was false confidential information in his file. Plaintiff claims that defendants failed to act on that information, and he remained housed in the security housing unit as a result. ECF No. 57-1, ¶ 11. Plaintiff was previously informed that such allegations were not sufficient to state a cognizable claim for relief:

---

[4] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

5

> To state a due process claim challenging the accuracy of prison records, a plaintiff must allege that the state has created a liberty interest in accurate prison record information. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318-19 (9th Cir. 1987). Plaintiff does not allege that the state of California has created a liberty interest in accurate prison records. Further, Plaintiff does not allege whether he has fulfilled any procedural requirements for challenging the accuracy of his prison record. In addition, Plaintiff fails to explain the nature of the information in the file or why it is false.

*Gray v. Woodford*, No. 05-cv-1475-J (CAB), 2007 U.S. Dist. LEXIS 70839, at *33 (S.D. Cal. Sept. 25, 2007).

In yet another action, plaintiff alleged that false information was put in his file at Pelican Bay State Prison. *See Gray v. Cogdell*, No. C. 09-2624-SI, 2009 U.S. Dist. LEXIS 97500 (N.D. Cal. Oct. 21, 2009). That court informed plaintiff as follows:

> A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Counts 1 and 2 of the complaint fail to state a claim upon which relief may be granted because Gray had no constitutional right to not be falsely accused of engaging in gang-related activity.

*Gray*, 2009 U.S. Dist. LEXIS 97500, at *3-4. To the extent plaintiff is again alleging that the false information is his file was tantamount to a false accusation that he had engaged in gang-related activity, he again fails to state a cognizable claim for relief.

In addition, an independent right to an accurate prison record, grounded in the Due Process Clause, has not been recognized. *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987). Thus, any protected liberty interest in plaintiff's right to maintain an accurate prison file must arise from state law. *See Sandin*, 515 U.S. at 484 (liberty interests arising out of prison regulations are generally limited to freedom from restraint that "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life"). Despite prior opportunities to amend, once again plaintiff fails to plead facts demonstrating that the state has created a liberty

/////

interest in accurate prison record information. Accordingly, this claim should be dismissed without further leave to amend.

Count 2 also alleges that on February 9, 2006, defendants Fischer, Roman, and Ruff (all allegedly Law Enforcement Investigation Unit (LEIU) agents in the Sacramento area) validated him as a gang member without confirming that the information used was reliable, and caused him to be placed in the secured housing unit. Plaintiff claims that the evidence was based on statements from informants who refused to confirm their statements, confidential memos dated June 15, 2004 and February 23, 2004 that were hearsay, a confidential memo dated September 8, 2004 that was a "laundry list," and a confidential memo dated October 30, 2004 regarding a picture of George Jackson. Plaintiff claims that on April 21, 2006, it was determined that the information was not reliable and the defendants then re-validated him in August of 2006. Liberally construed, the allegations state a potentially cognizable due process claim. Nevertheless, the claim must be dismissed as barred by the statute of limitations. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993); *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984) (where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper).

Plaintiff's claim accrued when he knew or had reason to know of the injury which is the basis of his claim. *See Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Here, plaintiff knew of his alleged injury no later than August of 2006, when defendants allegedly re-validated him using unreliable information, but plaintiff did not file this action until July 28, 2011. *See* Original Complaint ("ECF No. 1") at 16.

Because section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d at 914. California has a two-year statute of limitations for personal injury actions. Cal. Civ. Proc. Code § 335.1. Under the two-year statute of limitations, plaintiff had until August 2008 to file this action.

/////

Under California law, the statute of limitations is tolled for a period of two years for persons imprisoned for a term less than life. Cal. Civ. Proc. Code § 352.1. Assuming plaintiff is entitled to tolling on this basis, he had until August 2010 to file this action.

The limitation period is also tolled while an inmate completes the mandatory exhaustion process pursuant to 42 U.S.C. § 1997e(a). *See Brown v. Valoff*, 422 F.3d. 926, 943 (9th Cir. 2005) (explaining that "awaiting the completion of a staff misconduct investigation could, absent some adjustment, endanger the prisoner's ability to file his court complaint within the limitations period."). Plaintiff completed the mandatory exhaustion process for this claim on September 11, 2006. *See* ECF No. 1 at 68 (Director's Level Appeal decision denying plaintiff's complaint that the LEIU does not confirm the reliability of evidence prior to gang validations). With tolling through September 11, 2006, the time during which plaintiff was completing the exhaustion process, plaintiff had until September 11, 2010 to file this claim.

California law also allows for equitable tolling where the following three conditions are met: "first, that the plaintiff gave timely notice to the defendant of the plaintiff's claim; second, that the resultant delay did not cause prejudice to the defendant's position; and third, that the plaintiff acted reasonably and in good faith." *Ervin v. County of Los Angeles*, 848 F.2d 1018, 1019 (9th Cir. 1988) (citing *Bacon v. City of Los Angeles*, 843 F. 2d 372, 374 (1988) and *Addison v. State*, 21 Cal.3d 313, 319 (1978)); *see also Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328 (1994) (holding that statute of limitations was not equitably tolled because plaintiff did not "diligently" pursue claims). Plaintiff previously asserted his claims against defendants Fischer, Roman, and Ruff in *Gray v. Woodford*, No. 05-cv-1425-J (S.D. Cal.). *See Gray*, 2007 U.S. Dist. LEXIS 103792, at *34 (summarizing allegation in plaintiff's June 13, 2006 fourth amended complaint that defendants Fischer, Roman, and Ruff accepted information indicating plaintiff's gang associations without verifying it). On September 25, 2007, that court dismissed those claims because of plaintiff's failure to serve the defendants. *Gray*, 2007 U.S. Dist. LEXIS 70839, at *6-7, 35-36, 42-43. Given that plaintiff waited nearly another four years before filing this action on July 28, 2011, the court cannot find that plaintiff acted with the

/////

8

diligence required to warrant equitable tolling. Thus, this claim must be dismissed as barred by the statute of limitations.

In count 17, plaintiff claims that defendants Hubbard and Giurbino (both allegedly employed in Sacramento) violated his due process right to accurate file information by refusing to consider evidence at a departmental review that would have undermined plaintiff's gang validation. As discussed above with respect to count 2, plaintiff fails to plead facts to state a cognizable due process claim on this basis. Accordingly, this claim should be dismissed without further leave to amend.

The remainder of plaintiff's claims concerns a variety of events that go back to as early as 1989 and occurred at numerous prisons throughout the State. Specifically, the acts or omissions giving rise to a portion of count 1, count 11, and counts 13-14 occurred at California State Prison, Los Angeles County (LAC). *See* ECF No. 57-1 (counts 1, 11, 13-14 against defendants Curiel, Aref, Cash, Wofford, Cruz, Wong, Downs, all allegedly employed at LAC). The acts or omissions giving rise to a portion of count 3 and counts 5-6 occurred at the California Correctional Institution (CCI) in Tehachapi. *See* ECF No. 1 (listing Lanier as a defendant at CCI); ECF No. 57-1 (counts 3 and 5-6 against defendants Reed, Guerra, Ford, and Lanier, all allegedly employed at CCI). The acts or omissions giving rise to the other portion of count 3 and count 10 occurred at Pelican Bay State Prison in Crescent City. *See* ECF No. 57-1 (counts 3 and 10 against defendants Cogdell, Briddle, and Gardner, all allegedly employed in Crescent City). The acts or omissions giving rise to counts 4 and 7-9 occurred at Centinela State Prison (CEN) in Imperial. *See id.* (counts 4, 7-9 against defendant Maldonado and Hill, both allegedly employed at CEN). The acts or omissions giving rise to counts 15-16 occurred at California State Prison, Corcoran (CSP).[5] *See id.* (counts 15-16 against defendants Morton and Ortiz, both allegedly employed at CSP).

These allegations concern more problems with administrative appeals, acts of retaliation, fabrication of evidence, improper gang validation, the filing of false charges, the use of seized

---

[5] Defendant Campbell is also alleged to be a CSP employee but the complaint does not include any allegations against this defendant.

materials/mail in subsequent gang validation proceedings, denial of rights during annual classification reviews, and various placements in administrative segregation and the security housing unit. To the extent these allegations mirror those discussed above regarding improper screening of administrative appeals, false accusations/records, or the use of unreliable evidence in the validation proceedings of February and August of 2006, they too fail to state a claim. Any claims arising from the remaining allegations involve discrete and unrelated events that occurred at various prisons over the course of several decades and cannot be properly joined in this action.

Plaintiff was previously warned that complaints encompassing discrete acts that occurred at different prisons are subject to dismissal. In *Gray*, 2009 U.S. Dist. LEXIS 97500, at *4-5, United States District Judge Susan Illston informed plaintiff as follows:

> The several other claims asserted in the complaint about the many problems Gray has experienced in the last eight years at prisons in the Eastern and Central Districts will be dismissed because they are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The acts or omissions giving rise to counts 3-36 happened at prisons other than Pelican Bay, and were not part of the same transaction, occurrence or series of transactions or occurrences. Also, counts 3-36 are against an entirely different set of defendants. These claims are dismissed because they do not (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants. The dismissal of the improperly joined claims and parties means only that they cannot be pursued in this action -- Gray is free to file new actions in which he asserts those claims against those parties. However, because all the acts and omissions occurred in prisons located in the Eastern and Central Districts of California, he must file his actions in those districts rather than the Northern District of California.

Indeed, unrelated claims cannot be properly joined together in a single action because they involve discrete events that do not arise out the same occurrence and involve a common question of law or fact.[6] *See* Fed. R. Civ. P. 20(a)(2). All unrelated claims should therefore be dropped

---

[6] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to

10

from this action without prejudice to renewal in the proper courts.

### III. Order and Recommendation

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to amend (ECF No. 57) is granted. It is FURTHER ORDERED that the Clerk of the Court shall return to plaintiff his "Motion Requesting to Deposit Confidential [and] Sensitive Documents . . . for a Future in Camera Review Under Seal." *See* n. 3 *supra.*

Further, IT IS HEREBY RECOMMENDED that plaintiff's third amended complaint be dismissed pursuant to 28 U.S.C. § 1915A without further leave to amend and that the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 24, 2015

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*